

MICHAEL A. CARDOZO
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

CAROLINE L. CHEN
*Assistant Corporation Counsel*
cchen@law.nyc.gov
(212) 788-1106
(212) 788-0367 (fax)

December 12, 2008

**BY ECF**
Honorable Victor V. Pohorelsky
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East, Room 1227
Brooklyn, New York 11201

      Re:  Eddie Cook, et al. v. Detective Michael L. Huckaby, et al.
            07 CV 4467 (KAM)(VVP)

Your Honor:

      I am the Assistant Corporation Counsel assigned to represent defendants Michael Huckabey and Andrew Hepworth in the above-referenced matter. I write to respectfully request that the Court enforce the settlement agreement entered into between defendants and plaintiff Stephen Penn on or about November 5, 2008.

      As background, on November 5, 2008, plaintiff Penn's attorney, Alan Levine, informed the undersigned by telephone that plaintiffs Stephen Penn and Darren Wallace accepted their respective settlement offers. By letter dated and filed by ECF on November 10, 2008, the undersigned notified Your Honor as well as the Honorable Kiyo A. Matsumoto of the settlement with plaintiffs Penn and Wallace. Settlement paperwork for both plaintiffs Penn and Wallace was sent to plaintiffs' counsel, Alan Levine, on or about November 13, 2008, by fax and by regular mail. Plaintiff Wallace's settlement paperwork was executed and returned to this office on or about December 9, 2008, and is being duly processed.

      Defendants' offer of settlement to plaintiff Stephen Penn was made pursuant to Rule 68 of the Federal Rules of Civil Procedure, for $3,500 plus attorney's fees. By letter dated December 11, 2008, plaintiff Penn's counsel, Alan Levine, faxed to this office an estimate of the attorney's fees for purposes of determining the total settlement amount pursuant to defendants' Rule 68 offer of settlement and plaintiff Penn's acceptance of the offer. For the Court's convenience, plaintiff's December 11, 2008 letter is annexed hereto as an exhibit.

      At approximately 11 a.m. today, however, plaintiff Penn's counsel telephoned the undersigned and left a voicemail indicating that plaintiff Penn has "changed his mind [and] does not wish to settle this case." Plaintiff's counsel informed the undersigned that there was no

settlement because plaintiff Penn had not yet endorsed any settlement paperwork. For the reasons set forth herein, defendants respectfully request that the Court enforce the settlement agreement reached between plaintiff Penn and defendants more than five weeks ago.

The settlement concluded by plaintiff Penn and defendants was arrived at freely, fairly, and with the apparent acquiescence of all involved. Absent a clear showing of fraud, collusion, mistake, or accident, the agreement should be deemed presumptively valid and upheld by the Court. Willgetodt v. Hohri, 953 F.Supp. 557, 560 (S.D.N.Y. 1997). In a federal question case such as this, federal law governs the issue of an attorney's authority to settle. See, In re Artha Mgmt., Inc., 91 F.3d 326, 328 (2d Cir. 1996); Fennell v. TLB Kent Co., 865 F.2d 498, 501 (2d Cir. 1989); Foster v. City of New York, 96 Civ. 9271, 2000 U.S. Dist. LEXIS 1251 (S.D.N.Y. Feb. 7, 2000). Of course, the ultimate decision whether to settle rests with the client. See Artha, 91 F.3d at 329; Conway v. Brooklyn Union Gas Co., 236 F. Supp. 2d 241, 247 (E.D.N.Y. 2002). Nevertheless, "[B]ecause of the unique nature of the attorney-client relationship, and consistent with the public policy favoring settlements, we presume that an attorney-of-record who enters into a settlement agreement, purportedly on behalf of a client, had authority to do so." Walker v. City of New York, 2006 U.S. Dist. LEXIS 34345, at *14 (E.D.N.Y. April 4, 2006); citing Artha, 91 F.3d at 329; see also, Thompson v. Rocco, 02 Civ. 0635, 02 Civ. 9561(JCF), 2004 U.S. Dist. LEXIS 10512 (S.D.N.Y. June 8, 2002); citing Foster, 2000 U.S. Dist. LEXIS 1251, at *3. Furthermore, the exercise of either actual or apparent authority by the attorney will result in a valid and enforceable agreement. United States v. Int'l Bhd. of Teamsters, 986 F.2d 15, 19 (2d Cir. 1993). As the Second Circuit has made clear, "if an attorney has apparent authority to settle a case, and opposing counsel has no reason to doubt that authority, the settlement will be upheld." Id., quoting Fennell, 865 F.2d at 501; citing Int'l Telemeter Corp. v. Teleprompter Corp., 592 F.2d 49, 52 (2d Cir. 1979). The burden is on the party challenging the settlement agreement to demonstrate that the attorney lacked authority. Walker, 2006 U.S. Dist. LEXIC 34345, at *8-*9; citing Artha, 91 F.3d at 329 (stating that "any party challenging an attorney's authority to settle the case ... bearing the burden of proving by affirmative evidence that the attorney lacked authority") (emphasis added); Conway, 236 F. Supp. 2d at 247; Gilbert v. United States, 479 F.2d 1267, 1268-69 (2d Cir. 1973); Foster, 2000 U.S. Dist. LEXIS 1251, at *3. That burden is "not insubstantial." Int'l Bhd. of Teamsters, 986 F.2d at 20.

Here, it cannot be disputed that plaintiff Penn's counsel possessed both actual and apparent authority to reach a settlement with defendants on behalf of plaintiff Penn, either of which is sufficient to uphold the settlement. Plaintiff Penn's counsel, Alan Levine, Esq., has repeatedly engaged in numerous settlement discussions with the undersigned with respect to settlement for plaintiff Penn. In fact, on April 2, 2008, Mr. Levine represented plaintiff Penn's settlement position at a settlement conference before then-Magistrate Judge Matsumoto. Accordingly, defendants have negotiated in good faith with Mr. Levine, and have had no reason whatsoever to doubt Mr. Levine's authority. Moreover, as long as plaintiff Penn continued to retain Mr. Levine, defendants were entitled to rely on the presumption that he acted with his client's authorization and consent, and on the validity of agreements he negotiated for Mr. Penn. Int'l Bhd. of Teamsters, 986 F.2d at 19.

Presuming the agreement to be properly entered, there remains only the question of whether the oral agreement was legally sufficient. If the agreement itself is valid, as defendants contend it is, then the settlement must be enforced. In reviewing the overall legal validity of an agreement to settle a case, the Second Circuit has looked to the law of the State of

New York for guidance in determining the outcome of cases arising in the Southern and Eastern Districts. See e.g., Monaghan v. SZS 33 Assocs., L.P., 73 F.3d 1276, 1283 (2d Cir. 1996) (upholding the enforceability of an oral agreement of settlement which did not meet the substantive requirements of New York law; noting that the same result would have been reached under federal law).

"Settlement agreements are strongly favored in New York, and may not be lightly cast aside...[a]fterthought or change of mind are not sufficient to justify rejecting a settlement." Willgetodt, 953 F.Supp. at 560. Absent "cause sufficient to invalidate a contract, such as fraud, collusion, mistake or accident," a party should not be relieved of the consequences of a validly negotiated agreement they entered. Id. at 560. There is no cause to invalidate plaintiff Penn's settlement agreement in this case. Plaintiff Penn accepted the offer of settlement on November 5, 2008. Defendants filed a notice of settlement to the Court on November 10, 2008, and delivered settlement paperwork to plaintiff Penn's counsel on November 13, 2008. In the five weeks that followed, at no time did plaintiff's counsel make statements or act in contradiction to the November 5th agreement and November 10th settlement notice to the Court. Plaintiff Penn's counsel repeatedly indicated that he was going to provide an estimate of the attorney's fees, but that it was delayed due to his schedule. In fact, on December 11, 2008, plaintiff Penn's counsel faxed to the undersigned an estimate of the attorney's fees associated with plaintiff Penn's settlement agreement. See Exhibit. Plaintiff Penn's "change of mind" should not be permitted to change the settlement agreement which he willingly entered into more than five weeks prior.

In light of the fact that the settlement agreement was both valid of its own nature and validly entered into by plaintiff Stephen Penn, defendants respectfully ask that the Court order its enforcement at this time.

I thank the Court for its consideration herein.

Respectfully submitted,

Caroline Chen
Assistant Corporation Counsel

Enc.

cc:   Alan Levine, Esq. (by ECF)
      *Attorney for Plaintiffs*

EXHIBIT

# ALAN D. LEVINE
### ATTORNEY AT LAW
80-02 KEW GARDENS ROAD
KEW GARDENS, NEW YORK 11415

(718) 793-6363
FAX: (718) 544-5703
E-MAIL: alandlaw@justice.com

December 11, 2008

**VIA FACSIMILE**
Caroline Chen, Esq.
Assistant Corporation Counsel
100 Church Street
New York, New York 10007

Re: <u>Cook, et al. v. Huckabey, et ano.</u>
Our File No: 2065

Dear Ms. Chen:

I provide you with copies of my contemporaneous time sheets in the above-referenced action in order to show you how I arrived at the fee and disbursements to which I deem myself entitled for representation of Steven Penn. The timesheet for Mr. Cook contains many entries with a small dash at the line next to the entry. Those are entries in which I consider myself to have performed work on the entire lawsuit. The time of all such entries for my attorney time prior to Mr. Wallace's entry into the case as a plaintiff has been divided by two. Following Mr. Wallace's becoming a plaintiff in the action, the time of all such entries is divided by three. Any entries for paralegal time or my travel time were divided by two before the aforementioned division by two or three was made. Those few entries shown for Mr. Penn were not divided. Once I had totaled all the time spent on Mr. Penn's portion of the case I multiplied the hours by $375.00, which is the hourly fee I have most recently been awarded in federal court. Your office has previously paid legal fees to me at this hourly rate.

The figure for disbursements of $166.91 was arrived at by adding all disbursements that could be attributed to the case as a whole and dividing by three. There were no separate disbursements for Mr. Penn. There were two separate disbursements for Mr. Cook that were not included in the total.

Should you have any questions with regard to this matter, kindly so inform me immediately so that we may have final documents executed Mr. Penn and myself by the afternoon of Friday, December 12, 2008.

Thank you for your courtesy and cooperation.

Very truly yours,

*[signature]*

ALAN D. LEVINE

ADL/ll
Enclosures

## Lisa Lugo  Fri Nov 7, 2008

Page: 1

Time Entries for all Lawyers for: Cook, Edward
Date: Fri Nov 7, 2008

Fri Oct 31, 08 - Time Entry - 0.10 hours
Phone w/client

Wed Oct 29, 08 - Time Entry - 0.20 hours
Phone w/corp counsel

Tue Oct 28, 08 - Time Entry - 0.10 hours
Phone w/corp counsel

Fri Oct 24, 08 - Time Entry - 0.10 hours
Letter to corp counsel

Mon Oct 13, 08 - Time Entry - 0.50 hours
Letters to corp counsel

Thu Sep 11, 08 - Time Entry - 0.10 hours
Review defendant's motion in opposition

Fri Sep 5, 08 - Time Entry - 0.70 hours
Review city provided documents

Wed Sep 3, 08 - Time Entry - 1.70 hours
Research & draft letter motion

Mon Aug 25, 08 - Time Entry - 0.20 hours
Telephone conference w/court

Mon Aug 25, 08 - Time Entry - 0.10 hours
Phone w/corp counsel

Tue Jul 8, 08 - Time Entry - 0.80 hours
Review CCRB files

Thu Jul 3, 08 - Time Entry - 0.10 hours
Phone with corp counsel

Wed Jun 18, 08 - Time Entry - 0.20 hours
Review documents (lawyer's bill) an letter to defendant's attorney

Mon Jun 9, 08 - Time Entry - 0.10 hours
Letter to corp/counsel

Thu May 22, 08 - Time Entry - 0.10 hours
Phone w/corp counsel

Wed May 21, 08 - Time Entry - 0.50 hours
(Cook, Penn & Wallace) Phone conference with court

Tue May 20, 08 - Time Entry - 0.30 hours
Letters and record releases for clients

Fri May 16, 08 - Time Entry - 0.80 hours
Final draft of reply memorandum of law, letter, review judge's orders

Thu May 15, 08 - Time Entry - 0.30 hours
Edit first draft of reply memorandum of law

Wed May 14, 08 - Time Entry - 0.90 hours
Drafy reply memorandum of law

Tue May 13, 08 - Time Entry - 1.00 hours
Research on motion

Lisa Lugo  Fri Nov 7, 2008                                                                Page: 2

Mon May 12, 08 - Time Entry - 0.10 hours
Read & sent email

Thu Apr 24, 08 - Time Entry - 0.10 hours
phone w/corp counsel

Thu Apr 24, 08 - Time Entry - 0.50 hours
Letter to Magistrate

Thu Apr 24, 08 - Time Entry - 2.50 hours
Research on amending complaint

Wed Apr 23, 08 - Time Entry - 0.10 hours
phone w/client

Wed Apr 23, 08 - Time Entry - 0.10 hours
phone w/corp counsel

Wed Apr 16, 08 - Time Entry - 0.20 hours
letters to corp counsel

Wed Apr 16, 08 - Time Entry - 0.10 hours
prepare declaration for D. Didio

Tue Apr 15, 08 - Time Entry - 0.20 hours
conference w/ criminal att'y

Tue Apr 15, 08 - Time Entry - 0.40 hours
final draft of amended complaint

Mon Mar 31, 08 - Time Entry - 0.10 hours
phone with corp counsel

Mon Mar 31, 08 - Time Entry - 0.30 hours
letter to judge

Tue Mar 25, 08 - Time Entry - 0.10 hours
letter to corp counsel

Tue Mar 25, 08 - Time Entry - 1.50 hours
review discovery

Mon Mar 24, 08 - Time Entry - 0.10 hours
letter to corp counsel

Mon Mar 10, 08 - Time Entry - 1.00 hours
Final draft of response

Tue Feb 12, 08 - Time Entry - 0.20 hours
Review defendants discovery demands.

Mon Feb 11, 08 - Time Entry - 0.10 hours
Phone w/ corp counsel.

Mon Feb 11, 08 - Time Entry - 0.50 hours
Letter & Disc. demands

Sat Feb 9, 08 - Time Entry - 1.60 hours
Review Rule 26 Disclosure materials

Fri Feb 8, 08 - Time Entry - 0.10 hours
Confer w/ criminal attorney

Fri Feb 8, 08 - Time Entry - 1.50 hours
Paralegal: Put disclosure together

Lisa Lugo  Fri Nov 7, 2008                                                      Page: 3

Fri Feb 8, 08 - Time Entry - 1.00 hours
Draft Rule 26 Initial Disclosure

Fri Feb 1, 08 - Time Entry - 2.00 hours
travel time

Fri Feb 1, 08 - Time Entry - 0.50 hours
conf. in court

Wed Jan 30, 08 - Time Entry - 0.10 hours
phone w/corp counsel

Wed Nov 28, 07 - Time Entry - 1.80 hours
Cook/Penn Draft Complaint

Wed May 16, 07 - Time Entry - 0.10 hours
Telephone conference with client

Wed May 16, 07 - Time Entry - 0.50 hours
Intake Interview

Mon May 14, 07 - Time Entry - 0.10 hours
Telephone conference with client

Sun May 13, 07 - Time Entry - 0.30 hours
Research

Sun May 13, 07 - Time Entry - 0.40 hours
Review criminal attorney's file

Page: 1

**Lisa Lugo  Fri Nov 7, 2008**

Time Entries for all Lawyers for: Penn, Steven
Date: Fri Nov 7, 2008

Mon Nov 3, 08 - Time Entry - 0.10 hours
Phone w/client

Wed Oct 29, 08 - Time Entry - 0.40 hours
Review records & prepare releases

Wed Oct 29, 08 - Time Entry - 0.20 hours
Phone w/corp counsel

Tue May 13, 08 - Time Entry - 1.00 hours
research on motion

Mon Mar 31, 08 - Time Entry - 0.10 hours
letter to criminal lawyer

Thu May 24, 07 - Time Entry - 0.50 hours
Intake interview

Lisa Lugo  Fri Nov 7, 2008